UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TINO A. NORFLEET,

        Plaintiff,

v.                            Case No. 3:23-cv-1163-BJD-MCR

THE FLORIDA DEPARTMENT
OF CORRECTIONS,

        Defendant.
_____

## ORDER OF DISMISSAL WTHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system housed at Florida State Prison, initiated this action by filing a civil rights Complaint under 42 U.S.C. § 1983. Doc. 1. He also seeks to proceed *in forma pauperis*. Doc. 2. He sues one Defendant – the Florida Department of Corrections (FDOC). Doc. 1 at 2. The entirety of Plaintiff's claim is that he has "been falsely imprisoned." *Id.* at 5.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1). The Court liberally construes the pro se plaintiff's allegations. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does

not require the court to serve as "de facto counsel" for the plaintiff. *Freeman v. Sec'y, Dept. of Corr.*, 679 F. App'x. 982, 982 (11th Cir. 2017)[1] (citing *GJR Inv., Inc. v. Cnty. Of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

As for whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman*

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point.  *See McNamara v. GEICO*, 30 F.4th 1055, 1060-61 (11th Cir. 2022); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

*Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." *Rehberger v. Henry Cty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

Liberally read, Plaintiff's Complaint fails to state a plausible § 1983 claim against the FDOC. State and governmental entities considered "arms of the state" are not "persons" subject to liability for purposes of a § 1983 action. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). The FDOC is an arm of the executive branch of the state government, *see* Fla. Stat. § 20.315, and thus is not a person for purposes of § 1983. *See Gardner v. Riska*, 444 F. App'x 353, 355 (11th Cir. 2011) ("As the [F]DOC is a state agency, and thus not a person within the meaning of § 1983, Gardner's § 1983 claim for damages against the [F]DOC is frivolous.") (citing *Edwards v. Wallace Cmty. Coll.*, 49

3

F.3d 1517, 1524 (11th Cir. 1995)). As such, Plaintiff has failed to state a claim against the FDOC, and this case is due to be dismissed without prejudice to Plaintiff's right to refile his claims under 42 U.S.C. § 1983 with sufficient factual allegations to support a claim against a proper defendant if he elects to do so.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.  This case is **DISMISSED without prejudice.**

2.  The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of October, 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7
C:   Tino A. Norfleet, #R45003